# Proskauer»

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

May 14, 2014

By Facsimile

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5/16/14

Jordan B. Leader
Senior Counsel
d 212.969.3822
f 212.969.2900
jleader@proskauer.com
www.proskauer.com

Hon. John G. Koeltl
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Scantibodies Laboratory, Inc. v. Church & Dwight Co., Inc.*
14 Civ. 2275 (JGK)

*[handwritten: This letter should be filed. So ordered. /s/ 5/15/14 JGK U.S.D.J.]*

Dear Judge Koeltl:

We represent defendant Church & Dwight Co., Inc. ("Church & Dwight") in the above-referenced action. In accordance with Your Honor's instructions at today's conference, we write to let the Court know about other material that has been submitted to the Court to date that Church & Dwight proposes remain under seal or be redacted prior to being made publicly available. In addition to the yearly purchasing volume and pricing information set forth in paragraphs 24 through 37 of Plaintiff's Complaint, which Your Honor ordered on the record be redacted from the publicly available Complaint, we set forth below the other material we propose be redacted:

- Exhibit 1 to the Declaration of Evan Mandel in Support of Order to Show Cause and Temporary Restraining Order, dated April 1, 2014. Exhibit 1 is another copy of the Complaint. Thus, we propose that a redacted copy of the Complaint be substituted for Exhibit 1 or it should remain under seal.

- Church & Dwight's letter to the Court, dated April 3, 2014, attached a copy of the Complaint. Thus, we propose that a redacted copy of the Complaint be substituted for the attachment or it should remain under seal.

- Plaintiff's Reply Memorandum of Law in Further Support of Order to Show Cause, dated April 24, 2014. On page 2 of Plaintiff's Reply Memorandum, Plaintiff refers to the number of test kits Church & Dwight ordered each year between 2009 and 2013. We propose that the numbers of test kits set forth on page 2 be redacted, and have attached here our proposed redactions.

We have reviewed the remainder of the parties' filings and letters, including the Declaration of Samuel Dragotta filed in support of Church & Dwight's cross-motion, and do not believe any other information needs to be redacted.

Beijing | Boca Raton | Boston | Chicago | Hong Kong | London | Los Angeles | New Orleans | New York | Newark | Paris | São Paulo | Washington, DC

# Proskauer»

Hon. John G. Koeltl
May 14, 2014
Page 2

Respectfully submitted,

*[signature]*

Jordan B. Leader

attachment

cc:   Evan Mandel and Rishi Bhandari, Esqs.
      *Counsel for Plaintiff Scantibodies Laboratory, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCANTIBODIES LABORATORY, INC.,

        Plaintiff,

-against-

CHURCH & DWIGHT CO., INC.,

        Defendant.

No: 14 Civ. 2275 (JGK)

[FILED UNDER SEAL]

## REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF ORDER TO SHOW CAUSE

MANDEL BHANDARI LLP
11 Broadway, Suite 615
New York, NY 10004
T: (212) 269-5600
F: (646) 964-6667
*Attorneys for Plaintiff
Scantibodies Laboratory, Inc.*

05/14/2014 WED 18:48 FAX ☒005/007

Defendant Church & Dwight Co., Inc. ("C&D") concedes that the sealing order that was imposed by Judge Baer for C&D's benefit, on April 1, 2014, should be vacated and the case file should be publicly available. See C&D Memo of Law at 1-2.

However, C&D seeks a protective order under Fed. R. Civ. P. 5.2(e)(1), to require that the publicly-filed complaint be redacted to remove information concerning (i) the number of pregnancy and ovulation test kits that C&D ordered from SLI under the companies' two Supply Agreements, and (ii) the prices C&D paid for those kits. Id.

Plaintiff Scantibodies Laboratory, Inc. ("SLI") takes no position on C&D's cross-motion. However, to the extent that C&D is arguing that documents should be placed under seal under Fed. R. Civ. P. 5.2(e)(1) when there is "good cause" to do so (C&D Br. at 5-6), Defendants misstate the standard set by the Second Circuit. In determining whether to seal documents, "a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." Application of Utica Mut. Ins. Co. v. INA Reinsurance Co., 468 F. App'x 37, 39 (2d Cir. 2012) (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006)). The Second Circuit has articulated a three-step process making this determination:

> First, a court must determine whether the presumption of access attaches. A presumption of access attaches to any item that constitutes a "judicial document"—i.e., an item relevant to the performance of the judicial function and useful in the judicial process. Second, if the court determines that the item to be sealed is a "judicial document," the court must then determine the weight of the presumption of access. The weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. ... Finally ... the court must balance competing considerations against it. Such countervailing factors include but are not limited to the privacy interests of those resisting disclosure.

1

Doscher v. Sobel & Co., LLC, No. 14 Civ. 646, 2014 U.S. Dist. LEXIS 29063, at *3-5 (S.D.N.Y. Mar. 3, 2014) (internal citations and quotations omitted). See also United States v. King, 10 Cr. 122, 2012 U.S. Dist. LEXIS 83634, at *3-*6 (S.D.N.Y. June 15, 2012) (Koeltl, J.) (noting that the public's First Amendment right to access to judicial proceedings can be overcome if "specific, on the record findings are made demonstrating that closure is essential to perverse higher values and is narrowly tailored to serve that interest" (citation omitted)).

As to the first two steps, there is no doubt that a complaint is a "judicial document" with a strong presumption of access. See, e.g., Doscher, 2014 U.S. Dist. LEXIS 29063, at *6. Nor can there be any doubt that a strong presumption of access will attach should SLI seek to disclose price and order information in the future: that information is crucial to establishing both C&D's liability and SLI's damages.

For example, SLI alleges that C&D has breached two Supply Agreements with SLI by, inter alia, reducing to zero its orders of pregnancy and ovulation test kits from SLI. (Compl. ¶¶ 85(a), 92(a)). C&D contends that it had the right under the Supply Agreements to reduce its orders to zero. Id. ¶ 23. In order to demonstrate that C&D had no such right under the Supply Agreements, and that C&D therefore is in breach, SLI will rely in part on evidence of C&D's past conduct, i.e. the magnitude of its orders prior to its breach. In particular, Paragraphs 25-38 of the Complaint allege that C&D ordered between [ ] and [ ] digital and non-digital pregnancy test kits and ovulation test kits *each year* between 2009 and 2013. These allegations (i) demonstrate what a reasonable fluctuation in sales might be and; (ii) illustrate the unreasonableness of C&D's contention that it could reduce its orders from approximately 30,000,000 units to zero without breaching the Supply Agreements.

As another example, SLI seeks damages for C&D's breach of the Supply Agreements.

2

These cannot be proven without reference to the prices SLI received from C&D for the test kits. In sum, the price and order information C&D wishes to see redacted is central to "the exercise of Article III judicial power" and these facts will inevitably be mentioned in numerous filings and in open Court.

C&D contends that it will be at a competitive disadvantage if the price and volume information were made public. C&D suggests that its privacy interest is underscored by confidentiality provisions in the Supply Agreements. SLI takes no position on these contentions. But the Court should be aware of the following authority: "the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access." Doscher, 2014 U.S. Dist. LEXIS 29063, at *9 (quoting Aioi Nissay Dowa Ins. Co. Ltd. V. ProSight Speciality Mgmt. Co., Inc., No. 12 Civ. 3274, 2012 U.S. Dist. LEXIS 118233 (S.D.N.Y. Aug. 21, 2012)).

Again, SLI takes no position on C&D's request for redaction of the Complaint. But, as a practical matter, it is difficult if not impossible to litigate this case to a verdict without the price and order information becoming public. Consequently, SLI reserves the right to seek the public disclosure—in future filings and in future appearances in open court—of the information C&D proposes to redact today.

DATED:  New York, New York
        April 24, 2014            MANDEL BHANDARI LLP

                          By:   ᶳ Mandel
                                _____
                                Evan Mandel
                                Rishi Bhandari
                                11 Broadway, Suite 615
                                New York, NY 10004
                                T: (212) 269-5600
                                F: (646) 964-6667
                                em@mandelbhandari.com
                                *Attorneys for Scantibodies Laboratory, Inc.*

3