UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCANTIBODIES LABORATORY, INC., <br><br> Plaintiff, <br><br> -against- <br><br> CHURCH & DWIGHT CO., INC., <br><br> Defendant. | Index No: 1:14-cv-02275 (JGK) <br><br> **FIRST AMENDED ANSWER TO COUNTERCLAIMS** |

Plaintiff Scantibodies Laboratory, Inc. ("SLI") by its attorneys Mandel Bhandari LLP, denies all of the allegations in Defendant's Counterclaim except those specifically admitted below:

## THE PARTIES

1. Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of Defendant's Counterclaim.

2. Plaintiff admits the allegations of Paragraph 2 of Defendant's Counterclaim.

## COUNT 1

## DECLARATORY JUDGMENT

3. Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of Defendant's Counterclaim.

4. Plaintiff avers that the contracts referenced in Paragraph 4 of Defendant's Counterclaim speak for themselves and otherwise denies the allegations of Paragraph 4 of Defendant's Counterclaim.

5. Plaintiff avers that the contracts referenced in Paragraph 5 of Defendant's Counterclaim speak for themselves and otherwise denies the allegations of Paragraph 5 of Defendant's Counterclaim.

6. Plaintiff avers that the contracts referenced in Paragraph 6 of Defendant's Counterclaim speak for themselves and otherwise denies the allegations of Paragraph 6 of Defendant's Counterclaim.

7. Paragraph 7 of Defendant's Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations of Paragraph 7 of Defendant's Counterclaim.

8. Paragraph 8 of Defendant's Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations of Paragraph 8 of Defendant's Counterclaim.

9. Plaintiff denies the allegations of Paragraph 9 of Defendant's Counterclaim.

## COUNT TWO
## DECLARATORY JUDGMENT

10. Plaintiff repeats and realleges the responses set forth in Paragraphs 1 through 9 above.

11. Plaintiff avers that the contracts referenced in Paragraph 11 of Defendant's Counterclaim speak for themselves and otherwise denies the allegations of Paragraph 11 of Defendant's Counterclaim.

12. Paragraph 12 of Defendant's Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations of Paragraph 12 of Defendant's Counterclaim.

13. Plaintiff avers that the contracts referenced in Paragraph 13 of Defendant's Counterclaim speak for themselves and otherwise denies the allegations of Paragraph 13 of Defendant's Counterclaim.

14. Paragraph 14 of Defendant's Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations of Paragraph 14 of Defendant's Counterclaim.

15. Paragraph 15 of Defendant's Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations of Paragraph 15 of Defendant's Counterclaim.

16. Paragraph 16 of Defendant's Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations of Paragraph 16 of Defendant's Counterclaim.

17. Paragraph 17 of Defendant's Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations of Paragraph 17 of Defendant's Counterclaim.

18. Paragraph 18 of Defendant's Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations of Paragraph 18 of Defendant's Counterclaim.

19. Paragraph 19 of Defendant's Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations of Paragraph 19 of Defendant's Counterclaim.

20. Plaintiff denies the allegations of Paragraph 20 of Defendant's Counterclaim.

## COUNT THREE
## CONVERSION

21.     Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of Defendant's Counterclaim.

22.     Plaintiff avers that the contracts referenced in Paragraph 22 of Defendant's Counterclaim speak for themselves and otherwise denies the allegations of Paragraph 22 of Defendant's Counterclaim.

23.     Plaintiff admits that Church & Dwight provided certain materials to SLI and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of Defendant's Counterclaim.

24.     Plaintiff avers that the communications referenced in Paragraph 24 of Defendant's Counterclaim speak for themselves and otherwise denies the allegations of Paragraph 24 of Defendant's Counterclaim.

25.     Plaintiff avers that the communications referenced in Paragraph 25 of Defendant's Counterclaim speak for themselves and otherwise denies the allegations of Paragraph 25 of Defendant's Counterclaim.

26.     Plaintiff denies that Defendant complied with all requirements necessary to retrieve the Property referenced in Paragraph 26 of Defendant's Counterclaim and otherwise denies the allegations of Paragraph 26 of Defendant's Counterclaim.

27.     Plaintiff avers that the communication referenced in Paragraph 27 of Defendant's Counterclaim speaks for itself and otherwise denies the allegations of Paragraph 27 of Defendant's Counterclaim.

28. Plaintiff avers that the communication referenced in Paragraph 28 of Defendant's Counterclaim speaks for itself and otherwise denies the allegations of Paragraph 28 of Defendant's Counterclaim.

29. Plaintiff denies the allegations of Paragraph 29 of Defendant's Counterclaim.

30. Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of Defendant's Counterclaim.

31. Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of Defendant's Counterclaim.

32. Plaintiff avers that the communications referenced in Paragraph 32 of Defendant's Counterclaim speak for themselves and otherwise denies the allegations of Paragraph 32 of Defendant's Counterclaim.

33. Plaintiff avers that the communication referenced in Paragraph 33 of Defendant's Counterclaim speaks for itself and otherwise denies the allegations of Paragraph 33 of Defendant's Counterclaim.

34. Plaintiff avers that the communication referenced in Paragraph 34 of Defendant's Counterclaim speaks for itself and otherwise denies the allegations of Paragraph 34 of Defendant's Counterclaim.

35. Plaintiff avers that the communications referenced in Paragraph 35 of Defendant's Counterclaim speak for themselves and otherwise denies the allegations of Paragraph 35 of Defendant's Counterclaim.

36. Plaintiff denies the allegations of Paragraph 36 of Defendant's Counterclaim.

37. Plaintiff denies the allegations of Paragraph 37 of Defendant's Counterclaim.

38. Plaintiff denies the allegations of Paragraph 38 of Defendant's Counterclaim.

39. Paragraph 39 of Defendant's Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations of Paragraph 39 of Defendant's Counterclaim.

40. Plaintiff denies the allegations of Paragraph 40 of Defendant's Counterclaim.

## COUNT FOUR
## CONVERSION

41. Plaintiff repeats and realleges the responses set forth in Paragraphs 1 through 40 above.

42. Plaintiff denies the allegations of Paragraph 42 of Defendant's Counterclaim.

43. Plaintiff denies the allegations of Paragraph 43 of Defendant's Counterclaim.

44. Plaintiff denies the allegations of Paragraph 44 of Defendant's Counterclaim.

45. Plaintiff denies the allegations of Paragraph 45 of Defendant's Counterclaim.

46. Plaintiff denies the allegations of Paragraph 46 of Defendant's Counterclaim.

47. Plaintiff denies each and every allegation of Defendant's Counterclaim not specifically admitted.

48. Plaintiff denies that Defendant is entitled to any relief.

## AFFIRMATIVE DEFENSES

Further answering the Counterclaim, and as additional defenses thereto, Plaintiff asserts, in the alternative, the following Affirmative Defenses. By alleging the Affirmative Defenses set forth below, Plaintiff neither admits any of the allegations contained in the Counterclaim, nor agrees or concedes that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

## FIRST AFFIRMATIVE DEFENSE

Defendant has failed to state a claim against Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

Defendant's damages, if any, were caused by its own culpable conduct.

**THIRD AFFIRMATIVE DEFENSE**

Defendant's claims are barred by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant's claims are barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant's claims are barred by the doctrine of release.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant's claims are barred because it failed to mitigate damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant's claims are barred because it breached its contractual duties to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant's claims are barred by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

Defendant's claims are barred by its unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff was entitled to setoff and/or offset debts owed by Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant's claims are barred by the election of remedies.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant's claims are barred by the statute of frauds.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant's claims are barred or must be offset because of Defendant's fraud.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff expressly reserves the right to assert additional, currently unknown affirmative defenses that become subsequently apparent.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff expressly reserves the right to assert additional, currently unknown affirmative defenses that become subsequently apparent.

**DATED:**   New York, New York
August 7, 2014

By:   /s/ Rishi Bhandari
Rishi Bhandari

MANDEL BHANDARI LLP
Evan Mandel
Rishi Bhandari
Benjamin Rudolph Delson
Robert Glunt
11 Broadway, Suite 615
New York, NY 10004
T:  (212) 269-5600
F:  (646) 964-6667
rb@mandelbhandari.com

*Attorneys for Scantibodies Laboratory, Inc.*