

11 Broadway | Suite 615 | New York, NY | 10004 | T. (212) 269-5600 | F. (646) 964-6667 | www.mandelbhandari.com

December 5, 2014

**BY ECF & FAX**

Hon. Debra C. Freeman
Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007
F:  (212) 805-4258
T:  (212) 805-4250

   Re: <u>Scantibodies Laboratory, Inc., v. Church & Dwight Co., Inc.,</u>
     <u>Case No.: 1:14-cv-02275 (JGK)</u>

Dear Judge Freeman:

  I represent Scantibodies Laboratories Inc. ("SLI") and I write in response to Church & Dwight ("C&D")'s letter from earlier today regarding Rule 26 disclosures.

  For whatever reason, C&D never met and conferred with SLI regarding the issues they raised in their letter earlier today.  If they had met and conferred with us, this is what we would have told them:

1. The details of the approximately $1,200,000 million in equipment costs and upgrades and $1,900,000 in raw material scrapping costs were sent to Richard Goldstein on February 17, 2014.  That letter included an eight page spreadsheet detailing $1,989,241.13 in raw material scrapping costs.  And it included a 16 page spreadsheet detailing $1,200,058.05 in equipment and upgrade costs.  If the Court requests it, SLI would be happy to send the Court a copy of that letter.

2. As the parties agreed, additional documents related to the $ $471,719 paid to Mexican workers in order for SLI to comply with Mexican labor laws after C&D breached the Supply Agreements will be provided to C&D on December 8, 2014.

3. SLI's computation of lost profits is more than sufficient for Rule 26 purposes.  Rule 26 is, after all, an initial disclosure.  And in accordance with Rule 26, C&D has been provided with "the documents or other evidentiary material…on which each computation is based."  The documents on which this calculation is based cannot be identified with particularity because the data set includes (among other things) the Supply Agreements, forecasts, orders and payments to SLI, documentation of payments

      to SLI vendors, testimony from C&D and SLI witnesses, documents that C&D has not yet provided related to forecasts and orders from Syntron, Rand, and other vendors, and other documents that C&D has not yet provided. That being said, to the best of SLI's knowledge, every single document that SLI has in its possession that it intends to rely upon at trial with regard to damages has already been produced to C&D.

    In short, SLI is in full compliance with Rule 26. In contrast, C&D violated this Court's explicit instruction to meet and confer before writing letters to the Court and, once again, C&D raised a non-issue to deflect attention from its own dilatory discovery antics.[1]

                                    Respectfully,
                                      MANDEL BHANDARI LLP

                                      Rishi Bhandari

---

[1] Similarly, between November 24 and December 4, SLI's counsel repeatedly asked C&D to provide dates in December that it wanted to take the depositions of SLI employees in New York, San Diego. C&D refused to do so, saying that it would only consent to dates if SLI agreed to extend discovery by 45 days. C&D's only response was "We are generally available in New York in December, provided we have sufficient notice." But Jordan Leader refused to respond to the simple question, "other than December 17 and 18, can you represent to me that you will agree to depose any SLI witnesses in New York on any day in December? If not, which days are you not available?"

In other words, C&D refused to commit to taking any depositions in December and then complained to the Court that other that SLI was not cooperating with regard to scheduling depositions. To be clear, despite C&D's refusal to commit to dates in December, SLI offered the following deposition dates to C&D: Suzie Dollar (on December 2), Michael Nordstrom (on December 12 and 17), Jerry Sun (on December 16), Maribeth Moore (on December 17), and Brenda Martinez (on December 18).