**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**SCANTIBODIES LABORATORY, INC.,**

                **Plaintiff,**

    - against -

**CHURCH & DWIGHT CO., INC.,**

                **Defendant.**
------------------------------------

**14-cv-2275 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

    On November 4, 2016, Magistrate Judge Debra Freeman issued a Report and Recommendation in which she recommended a series of sanctions and remedial actions against the plaintiff, Scantibodies Laboratory, Inc., and its counsel, Mandel Bhandari, LLP. The sanctions were designed to cure a series of discovery abuses by Mandel Bhandari that had occurred in the litigation, including false or misleading statements to the Court and the failure to produce documents in a timely fashion or at all. The remedial actions included permission for the defendant, Church & Dwight Co., Inc., to reopen discovery to take additional limited depositions, and to serve additional document requests and interrogatories. The Court also allowed the defendant to serve an amended report by its damages expert. The Court also assessed reasonable attorney's fees and costs against the plaintiff and its counsel to reimburse the defendant for the

cost of certain discovery motions, for conducting new discovery, and for preparing the revised expert report.

The plaintiff and its counsel filed no Objections to the Report and Recommendation.  Rather, the defendant filed thirty pages of Objections in a brief listing five attorney authors and supported by three volumes of exhibits.  The gist of the Objections is that the Magistrate Judge did not go far enough.  Rather, the defendant argues that the Magistrate Judge should have precluded the plaintiff from offering any evidence with respect to damages or should have required an adverse inference instruction before the jury with respect to the various disputed items of discovery.

The Objections are plainly an example of overreaching wholly unjustified by the record.  The Objections are an attempt to obtain a windfall from discovery failures that can be reasonably cured by the tailored and wise remedies and sanctions recommended by the Magistrate Judge.  The Magistrate Judge chose to issue a Report and Recommendation because of the possibly dispositive nature of the relief sought by the defendant.  The Court has reviewed the Report and Recommendations de novo in light of the Objections.  <u>See</u> Fed. R. Civ. P. 72(b).  The Court finds the Report and Recommendations to be well reasoned and correct and adopts them.  The sanctions motion is therefore

2

decided as indicated at Pages 87-88 of the Magistrate Judge's November 4, 2016 Report and Recommendations.

What has been written so far is sufficient to dispose of the Objections, but a few further observations are in order because this case will continue through some further discovery to be followed by possible dispositive motions and trial.

The gist of this lawsuit is a claim by Scantibodies that Church & Dwight breached agreements pursuant to which Scantibodies manufactured and packaged Pregnancy Test Kits for Church & Dwight.  Scantibodies initially claimed that it suffered $20 million in damages, of which $16 million was lost profits.  The discovery abuses by the plaintiff appear to relate to failures involving representations about the calculation of damages and supporting documentation, particularly the lost profits figure and efforts at mitigation.  It is also apparent, as the plaintiff concedes, that part of the problems encountered by the plaintiff were caused by its failure to hire a damages expert sufficiently early in the discovery process and an apparent effort to develop a damages theory without the support of an expert.

In any event, the plaintiff did produce an expert report on April 8, 2016, far along in the discovery process and after the sanctions motion had been filed.  That report reduced the lost

3

profits figure to $10.7 million – more than $5 million less than the plaintiff had otherwise been seeking.

Rather than cheering this substantial reduction in damages, the defendant wants to preclude the plaintiff from offering any damages evidence because of the late production of documents or the alleged failure to produce certain documents.  The Magistrate Judge thoroughly considered all of these arguments and adopted reasonable remedial measures and sanctions, including the ability of the defendant to have its expert update its report in response to the plaintiff's belated expert analysis after additional discovery, all to be taken at the expense of the plaintiff and its attorneys.

The Magistrate Judge's resolution is particularly appropriate because it appears that some of the discovery sought by the defendant does not appear to have been "proportional to the needs of the case," considering various issues including "the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(1); see In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 566 (D. Ariz. 2016).  An area of dispute between the parties was the proper calculation of Selling, General & Administrative ("SG&A") expenses to be attributed to the production of the Pregnancy Test Kits so that a proper calculation could be made of the lost profits.  The Magistrate Judge indicated, however, that the defendant was claiming

4

discovery abuse for the failure to produce documents that the Magistrate Judge never ordered to be produced and whose production would plainly be harassing: "[T]his Court has never granted Defendant unlimited discovery into every invoice or receipt maintained by Plaintiff in the course of its business or into every line item in Plaintiff's books and records." (R. & R. at 44.)  Similarly, the defendant sought sanctions because the plaintiff did not produce "invoices or accounting entries" that would show the fees that were charged by a Mexican subsidiary. (R. & R. at 47.)  The Magistrate Judge rejected the argument that sanctions were appropriate for failure to produce such documents: "With respect to Defendant's demand for 'books and records,' 'backup documents,' and 'underlying information,' those document categories are overly broad, and the notion that the Court ordered the production of such generalized categories of documents does not find support in any of its rulings. . . . [T]he Court directed Plaintiff to produce documents pertaining to the allocation of its expenses across its different departments and product lines - not information regarding every transaction underlying every expense on Plaintiff's books." (R. & R. at 47-48).

    Symptomatic of the defendant's approach to the discovery disputes is its search for sanctions based on the failure of the plaintiff to produce documents showing why in some of the

5

plaintiff's documents there is an assignment of 20% for SG&A expenses to the Pregnancy Test Kit products. The plaintiff argues in its papers that it has been unable to determine the original rationale for using that figure, although there are documents that show the 20% figure was calculated. As it turns out, the plaintiff's expert does not rely on the 20% figure, but rather calculated a significantly lower figure based on his own analysis. The defendant's expert puts the figure at an amount much higher than 20%, thus reducing the net profit for the Pregnancy Test Kit product. Neither of the experts relies on the 20% figure. The Magistrate Judge reasonably concluded that because the defendant "has not explained the nature of the actual prejudice it has suffered," the failure to produce evidence showing how the figure was arrived at in the first place did not warrant preclusion or other severe sanctions. (R. & R. at 54.) In its Objections, the defendant spends considerable effort complaining about the failure to explain how the 20% figure was arrived at and argues that of course it is relevant because the plaintiff's expert is using a much lower figure. But that is wholly unrealistic. The defendant's own expert has used a figure higher than 20%, and thus it is unlikely that the defendant would spend much trial time emphasizing the lower 20% figure, but the documents reflecting the 20% amount are there if it chooses to use them. The

plaintiff is equally limited in its use of the 20% figure because its expert uses a lower figure and the plaintiff cannot justify the 20% because it cannot explain its genesis. The origin of the 20% figure becomes irrelevant and the Magistrate Judge was eminently correct in explaining that the defendant has not shown any prejudice, and it is not entitled to sanctions for the plaintiff's failure to explain the origin of the 20% figure. See generally In re Pfizer Inc. Sec. Litig., 288 F.R.D. 297, 325, 327-28 (S.D.N.Y. 2013).

Ultimately, the defendant has attempted to obtain unjustified sanctions that go far beyond what is necessary to remedy the problems that developed in an overly contentious discovery process and to deter future violations of discovery obligations.

## CONCLUSION

The Court adopts the Report and Recommendation of the Magistrate Judge dated November 4, 2016. The Clerk is directed to close ECF Docket Nos. 234 and 245.

**SO ORDERED.**

**Dated:** **New York, New York**
**February 14, 2017**

_____/s/_____

**John G. Koeltl
United States District Judge**

7