USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11-7-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCANTIBODIES LABORATORY, INC.,

                Plaintiff,

- against -

CHURCH & DWIGHT CO., INC.,

                Defendant.

14-cv-2275 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

The movant, Scantibodies Laboratory, Inc. ("SLI"), seeks reconsideration of the Court's Memorandum Opinion and Order dated September 19, 2018. Scantibodies Lab., Inc. v. Church & Dwight Co., No. 14cv2275, 2018 WL 4500852 (S.D.N.Y. Sept. 19, 2018). In that decision, the Court granted the motion for summary judgment by the defendant, Church & Dwight Co., Inc. ("C&D"), dismissing SLI's breach of contract claims and denied SLI's motion for summary judgment on those claims.[1] For the reasons explained below, SLI's motion for reconsideration is **denied**.

I.

Reconsideration of a previous Opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In

---

[1] The Court also granted in part and denied in part SLI's motion for summary judgment dismissing C&D's counterclaims. That holding is not at issue in this motion for reconsideration.

re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (internal quotation marks omitted). To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dept. of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "A motion for reconsideration is not an 'opportunity for making new arguments that could have been previously advanced . . . .'" Liberty Media Corp. v. Vivendi Universal, S.A., 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012) (quoting Associated Press v. U.S. Dep't of Defense, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)). Moreover, "[t]he decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03cv2876, 2014 WL 1673375, at *1 (S.D.N.Y. April 28, 2014) (internal quotation marks omitted); see also Gym Door Repairs, Inc. v. Young Equipment Sales, Inc., No. 15cv4244, 2018 WL 5650004, at *1-2 (S.D.N.Y. Oct. 30, 2018).

## II.

### A.

SLI first contends that the Court overlooked its claims that C&D failed to reimburse SLI under the Supply Agreements, Leader Decl. Ex. 1 § 6.3.2, for the costs of scrapping materials that C&D instructed it to purchase. However, C&D moved for

2

summary judgment dismissing all claims against it. SLI did not argue in its brief opposing summary judgment that its scrapping-costs claims would survive a decision dismissing its breach of contract claims;[2] SLI never contended that it would be entitled to any damages if C&D was held not to have breached the Supply Agreements. SLI cannot now make that argument in its motion for reconsideration.

B.

Next, SLI contends that the Court overlooked evidence suggesting that SLI's breach of contract claims could not be dismissed on summary judgment. Namely, SLI claims that the Court did not account for (1) the Menasha Contract, a 2012 contract between C&D and a third party that allegedly demonstrates that the Supply Agreements were intended to be requirements contracts; (2) N.Y. U.C.C. § 2-306(1), which allows sellers sometimes to reject orders that deviate from prior requirements or estimates in a requirements contract; and (3) SLI's explanations as to why certain provisions in the Supply Agreements indicate that the agreements are susceptible to more

---

[2] Although SLI briefly mentioned its scrapping-costs claims in its opposition brief, it did so only in response to C&D's alternative argument that if the Court did not grant C&D's summary judgment motion in full, the Court should strike certain damages sought by SLI, including failure to reimburse scrapping costs. See SLI Opp'n 28-29. Nowhere did SLI contend that its scrapping-costs claims would remain viable if its breach of contract claims – which, as set out in the complaint, incorporated the scrapping-costs claims, Compl. ¶¶ 85d, 92d, 99c – were dismissed.

3

than one reasonable interpretation. None of these points are persuasive.

SLI argues that a side-by-side comparison of numerous provisions of the Menasha Contract and the Supply Agreements demonstrates that the Supply Agreements were intended to be requirements contracts. But SLI did not make this argument at the summary judgment stage. Indeed, SLI failed to mention the Menasha Contract in its summary judgment briefing, and mentioned the contract only once in ¶ 65 of its Rule 56.1 Counterstatement, where SLI simply explained that the Menasha Contract differed from the Supply Agreements in some respects. A motion for reconsideration is not an opportunity for SLI to raise a new argument as to the Menasha Contract.

SLI next points out language in N.Y. U.C.C. § 2-306(1), which provides that "no quantity unreasonably disproportionate to any stated estimate or in the absence of a stated estimate to any normal or otherwise comparable prior output or requirements may be tendered or demanded." This language, SLI contends, indicates that requirements contracts can have a provision allowing the seller to reject orders that deviate from an estimate. According to SLI, the Court therefore erred in reasoning that the Supply Agreements were not requirements contracts because (among many other reasons) a provision allowed SLI to reject C&D orders deviating more than 10 percent from the

4

amount reflected in the applicable C&D estimate. But SLI neither raised this argument in its summary judgment briefing nor contended that a quantity deviating more than 10 percent from an estimate is "unreasonably disproportionate."

SLI also claims that the Court overlooked SLI's explanations of why certain provisions in the Supply Agreements indicate that the agreements are susceptible to more than one reasonable interpretation. This argument is an improper attempt to rehash previous arguments related to whether the Supply Agreements contained ambiguity sufficient to survive summary judgment.

### C.

Finally, SLI contends that the parol evidence in this case is not sufficient to grant summary judgment dismissing SLI's breach of contract claims. In support of this argument, SLI merely cites the summary judgment standard, reminds the Court that summary judgment cannot be granted when a contract is susceptible to more than one reasonable interpretation, and then states summarily: "[A]lthough SLI believes the extrinsic evidence weighs heavily in its favor, the Court cannot grant summary judgment based on the 'weight' of the evidence." Pl.'s Br. at 13.[3] SLI has plainly failed to show "an intervening change

---

[3] SLI makes additional, more substantive parol evidence arguments in its reply brief. However, the arguments lack merit and, in any event,

of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." See N.Y.C. Dept. of Soc. Servs., 709 F.2d at 789. SLI simply ignores that this Court correctly stated the standard to be used in assessing parol evidence on a motion for summary judgment on a claim for breach of contract. See Scantibodies, 2018 WL 4500852 at *6.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, SLI's motion for reconsideration is **denied**. The Clerk of Court is directed to close docket number 309.

**SO ORDERED.**

**Dated:** **New York, New York**
**November 7, 2018**

                                    John G. Koeltl
                                    United States District Judge

---

"[a]rguments may not be made for the first time in a reply brief." Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993).

6